SMITH & ALLER, LTD., Plaintiff, *v.* ACADEMY PICTURES DISTRIBUTING CORPORATION and PRODUCERS LABORATORIES, INC., Defendants.

City Court of New York, Special Term, New York County, October 22, 1936.

*Rabenold & Scribner* [*Robert Garlock* of counsel; *Edward J. Malament* with him on the brief], for the plaintiff.

*Saul E. Rogers* [*Sol Ringel* of counsel], for the defendent Producers Laboratories, Inc.

NOONAN, J. This motion is made by the defendant Producers Laboratories, Inc. (hereinafter referred to as Producers) to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice upon the ground that the said complaint, upon the face thereof, fails to state facts sufficient to constitute a cause of action as against said defendant Producers.

The complaint set forth two causes of action, the first against the defendant Academy Pictures Distributing Corporation (hereinafter referred to as Academy) and the second cause of action against the defendant Producers. Both causes of action are based on a written agreement made up of two letters both dated at Los Angeles, Cal., February 29, 1936. The first letter was sent by the plaintiff to the defendant Academy and the second by the defendant Academy to the plaintiff. These letters spell out a contract between these parties whereby in substance the plaintiff agreed to furnish to the defendant Academy raw film stock for the price of $2,000, to be used in the production of a motion picture by Academy tentatively entitled " Revolt of the Zombies."

In the production of this picture the defendant Producers was to loan the defendant Academy the sum of $18,000. According to the agreement the plaintiff was to be paid $2,000 as the price of the raw film stock from the first gross receipts derived from the sale, licensing, leasing, renting, exhibition, distribution or other disposition of the said photoplay after the defendant Producers had been repaid the sum of $18,000. To secure the payment of the price of the raw film stock the plaintiff was to have an assignment, transfer, conveyance, mortgage, lien and pledge of said photoplay and all of the receipts to be derived therefrom subject only to the prior claim of Producers. The contract contained this provision: " The full amount of the bill of the undersigned [the plaintiff] shall in any event be due and payable not later than the 30th day of June, 1936." Another provision of the contract was as follows: " However, it is understood and agreed that the above arrangement is null and void unless the undersigned [the plaintiff] receives payment in full of the amount now due for raw stock furnished on the picture ' Thrill of the Century.' "

In its letter to the plaintiff the defendant Academy stated, " The undersigned further irrevocably instruct, order, authorize and direct Producers Laboratories, Inc., to pay to Smith & Aller, Ltd., the sum of $2,000 from all monies received from said photoplay after Producers Laboratories, Inc., has received the said sum of $18,000. * * * It is understood that Smith & Aller, Ltd. is to receive the balance due it in any event not later than the 30th day of June, 1936 and the undersigned agrees to pay to Smith & Aller, Ltd. said balance on or before said date." Appended to this letter sent by Academy to the plaintiff, there is the following agreement signed by Producers: " The undersigned hereby acknowledges the above order and will pay Smith & Aller, Lim., the sum of $2,000 from all gross receipts derived or to be derived from said photoplay after the sum of $18,000 has been paid to the undersigned in cash, as aforesaid, and will further assign and transfer without recourse all notes, trade acceptances and other instruments for the payment of money to Smith & Aller, Lim., until said Smith & Aller, Lim., has received in cash the amount of its said bill."

The first cause of action which is brought against the defendant Academy alone seeks the recovery of the $2,000 as the agreed price of the raw film stock which it is alleged was delivered by the plaintiff to the defendant Academy. This cause of action is based upon the provision of the contract that the defendant Academy was to pay for the sale and delivery of this raw film stock, in any event, not later than June 30, 1936.

The second cause of action is against Producers alone, and is based upon the undertaking of Producers to pay the sum of $2,000 as the price of the raw film stock after it has been repaid its loan of $18,000. The allegations of this cause of action set forth the order given by Academy to Producers, and the acceptance of this order by Producers by which the latter agreed to pay the plaintiff for the price of its merchandise after it had been reimbursed for its loan from the gross receipts of the photoplay. It is set forth that Producers has received in excess of $20,000 from the sources mentioned, and that the plaintiff is, therefore, entitled to recover from Producers under its agreement the purchase price of the stock.

The motion before the court is addressed solely to the plaintiff's cause of action against Producers. It is contended that the complaint with respect to Producers is defective in that it fails to allege that the plaintiff has received full payment of the amount due for raw stock furnished on the picture, " Thrill of the Century." This contention is based upon the clause of the contract quoted above to the effect that " The above arrangement is null and void " unless the plaintiff received payment in full of the amount due for the raw

stock furnished on the picture, " Thrill of the Century." It was not necessary for the plaintiff with respect to Producers to allege as a condition precedent to recovery against Producers that it had received full payment for stock delivered to defendant Academy which was used in the production of another and different photoplay. It is of no concern to Producers whether Academy had paid plaintiff for this stock previously furnished. This was a part of the contract between plaintiff and Academy and could be waived by the plaintiff, and it may be inferred that it was so waived from the fact that plaintiff alleges in its cause of action against Academy that it actually furnished the raw film stock to be used in the picture, " Revolt of the Zombies," the price of which in the sum of $2,000 it seeks to recover. If the provision referred to could be considered as a condition precedent, it is clearly one for the benefit of the plaintiff as between it and Academy and not for the benefit of Producers.

The cause of action against Producers is founded on an unconditional order by Academy to Producers to pay to the plaintiff the sum of $2,000, and the unconditional acceptance of that order by Producers to pay the said sum to plaintiff from receipts of the picture after Producers had received payment of its loan. There was no limitation imposed by the contract as to the undertaking of Producers to pay the $2,000 except the one that it should first be reimbursed for the money advanced by it to Academy. The provision in question was no doubt drawn so as to protect plaintiff with respect to the obligation of Academy while the contract was in its executory stage. Plaintiff alleges, however, that so far as it is concerned the agreement with Academy has been executed by the delivery of the raw film stock to Academy. Plaintiff definitely alleges that Producers has received its $18,000 from the receipts from the picture. Therefore, so far as the plaintiff's cause of action is concerned as against Producers it is complete in every respect. (*Clegg* v. *New York Newspaper Union*, 72 Hun, 395.)

The motion is denied, with ten dollars costs.